IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **CUMBERLAND BROADCASTING COMPANY**<br>35 Baltimore Street<br>Cumberland, MD 21502;<br>**PROSPERITAS BROADCASTING SYSTEM, L.P.**<br>35 Baltimore Street<br>Cumberland, Maryland 21502;<br>and<br>**MARYLAND D.C. DELAWARE BROADCASTERS ASSOCIATION, INC.**<br>106 Old Court Road<br>Suite 300<br>Baltimore, Maryland 21208<br><br>          Plaintiffs<br>vs.<br><br>**WILLIAM J. AUMILLER**, in his<br>Official Capacity as<br>Superintendent of Schools,<br>Allegany County Public Schools<br>108 Washington Street<br>Cumberland, Maryland 21502;<br>**JEFFERY T. METZ**, in his<br>Official Capacity as President,<br>Board of Education of Allegany County<br>Allegany County Public Schools<br>108 Washington Street<br>Cumberland, Maryland 21502;<br>**C. FRED SLOAN**, in his<br>Official Capacity as Vice-President,<br>Board of Education of Allegany County<br>Allegany County Public Schools<br>108 Washington Street<br>Cumberland, Maryland 21502;<br>**JANE M. DAWSON**, in her<br>Official Capacity as a Member, Board of<br>Education of Allegany County<br>Allegany County Public Schools<br>108 Washington Street<br>Cumberland, Maryland 21502;<br>**KAREN A. TREBER**, in her<br>Official Capacity as a Member, Board of | Case No. |

Education of Allegany County
Allegany County Public Schools
108 Washington Street
Cumberland, Maryland 21502; and
**THOMAS G. STRIPLIN**, in his
Official Capacity as a Member, Board of
Education of Allegany County
Allegany County Public Schools
108 Washington Street
Cumberland, Maryland 21502

    Defendants

## VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Prosperitas Broadcasting System, L.P., owner of radio station WCBC(FM), Cumberland Broadcasting Company, the owner of WCBC(AM) and operator of WCBC(AM) and WCBC(FM), and the Maryland D.C. Delaware Broadcasters Association, Inc. Plaintiffs, sue William J. AuMiller, in his official capacity as Superintendent of Schools, Allegany County, Maryland; Jeffery T. Metz, in his official capacity as President, Board of Education of Allegany County, Maryland; C. Fred Sloan, in his official capacity as Vice-President, Board of Education of Allegany County, Maryland; Jane M. Dawson, in her official capacity as a Member, Board of Education of Allegany County, Maryland; Karen A. Treber, in her official capacity as a Member, Board of Education of Allegany County, Maryland; and Thomas G. Striplin, in his official capacity as a Member, Board of Education of Allegany County, Maryland, Defendants, and say:

### INTRODUCTION

1.    Plaintiffs seek injunctive and declaratory relief pursuant to 42 U.S.C. §1983 to halt Defendants' unconstitutional actions, policies and practices that deprive Plaintiffs of their rights under the First and Fourteenth Amendments to the United States Constitution. Defendants have denied WCBC(AM) and WCBC(FM) access to two press boxes at two athletic fields owned and/or controlled by the Board of Education of Allegany County (the "Board");

have denied WCBC(AM) and WCBC(FM) access to media announcements related to Allegany County School activities and alerts; and have denied WCBC(AM) and WCBC(FM) information that would allow it to participate in a Board-endorsed scholarship program which has granted more than $160,000 to high school students.

2.  Defendants' actions, policies and practices under color of state law are in retaliation for Plaintiffs' exercise of their right to freedom of speech and freedom of the press and are intended to, and will, discourage the press and members of the public from exercising their right to disagree with and criticize the Board in its operation of the public schools of Allegany County.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1343(a)(3), providing for original jurisdiction in suits authorized by 42 U.S.C. §1983. Furthermore, jurisdiction is available under 28 U.S.C. §1331 because this action arises under 42 U.S.C. §1983 and the First and Fourteenth Amendments to the Constitution of the United States.

4.  Venue in this District is proper under 28 U.S.C. §1391(b). The claims arose and the Defendants reside in this District.

## PARTIES

5.  Plaintiff Cumberland Broadcasting Company ("CBC"), a Delaware corporation with its principal place of business in Allegany County, Maryland, is the owner of radio station WCBC(AM) and operator of WCBC(FM). CBC regularly hosts a talk radio program, and provides news coverage, often involving subjects relating to the functioning of Allegany County government and its agencies, including the Board, on radio station WCBC.

6.Plaintiff Prosperitas Broadcasting System, L.P. ("Prosperitas"), a Maryland limited partnership with its principal place of business in Allegany County, Maryland, is the owner of radio station WCBC(FM).

7.Plaintiff Maryland D.C. Delaware Broadcasters Association, Inc., a Maryland corporation with its principal place of business in Baltimore County, Maryland, is a trade association comprised of radio and television stations throughout Maryland and Delaware. MDDC promotes the interests of broadcasters in Maryland, D.C. and Delaware and provides its members with information and education relevant to broadcasting. MDDC has standing to bring this suit based on the standing of its member, CBC, to bring suit. Additionally, MDDC seeks to protect the interests of all its broadcasters, including CBC, in their free speech rights, which is germane to MDDC's purpose.

8.Defendant William J. AuMiller, a Maryland resident, is the Superintendent of Schools for Allegany County.

9.Defendant Jeffrey T. Metz, a Maryland resident, is the President of the Board of Education for Allegany County.

10.Defendant C. Fred Sloan, a Maryland resident, is the Vice-President of the Board of Education for Allegany County.

11.Defendants Jane M. Dawson, Karen A. Treber, a lawyer, and Thomas G. Striplin are Maryland residents and members of the Board of Education for Allegany County.

12.Each member of the Board is an elected official; the Superintendent is appointed by the Board. The Superintendent and the members of the Board are empowered to carry out the duties of office and are obligated to respect and not violate the constitutional rights of the citizens of Maryland.

13. At all times relevant to this Complaint, the acts, policies and practices of the Superintendent and each member of the Board were performed by the Superintendent and members of the Board in their positions as officials of Allegany County and the Board. These acts, policies and practices were carried out and performed under color of state law and constitute state action within the meaning of the Fourteenth Amendment.

## GENERAL ALLEGATIONS

14. WCBC(AM) is a radio station that serves the residents of Allegany County, although its signal also transmits into Washington County, Maryland, Pennsylvania and West Virginia. WCBC(AM) regularly broadcasts news and news commentary in talk show format covering Allegany County government, as well as issues affecting the public health, safety and welfare that are under the control and supervision of County government including the Superintendent and members of the Board.

15. WCBC(FM) is a radio station that serves Mineral County, West Virginia and Allegany County, Maryland.

16. On July 14, 2006, WCBC(AM) broadcast a news report indicating that $4 million of state funds had been withheld from the Board because it had failed to complete a required audit in a timely fashion, and that the Board, at that juncture, was more than six months in arrears.

17. On October 9, 2006, WCBC(AM) broadcast a news report regarding violent incidents in schools throughout the County and the need to evaluate safety and security measures.

18. On October 19, 2006, WCBC(AM) broadcast a news report in which the Board's emergency planner stated that County policy dictates that all school doors should be locked

except the front doors. The emergency planner was further quoted by WCBC as stating that teachers are trained to stop all strangers.

19. Following the October 19, 2006 broadcast, WCBC(AM) sent an investigative reporter to five County schools and reported, on November 14, 2006, that the reporter had unfettered freedom to walk any place within the five schools; was never stopped or even questioned; and that side doors in school buildings were found unlocked. In response to this broadcast, Dr. AuMiller sent a letter to WCBC(AM) accusing it of trespass, and the Allegany County Teachers Association sent a letter accusing WCBC(AM) of employing irresponsible tactics and of broadcasting to its audience, comprised in part of parents and students, the names of schools found to be unsafe. Copies of each of these letters are attached hereto as <u>Exhibits A and B</u>, respectively.

20. On November 15, 2006, WCBC(AM) broadcast a news report in which it reported that Dr. AuMiller said that providing adequate security measures in 24 schools is nearly impossible without additional funds.

21. In December 2006, WCBC(AM) broadcast two news reports regarding school security in Allegany County. Neither appeared critical of the Board or Superintendent.

22. On January 11, 2007, WCBC(AM) broadcast a news report referring to the investigation of school security undertaken in November 2006 by its investigative reporter. Mr. Metz was mentioned in the January 2007 report and quoted as calling school security a "difficult challenge."

23. On January 26, 2007, WCBC(AM) broadcast a news report quoting Mr. Metz as saying the County's private schools may have better security than County public schools.

24. The school security controversy lay fallow until the tragic murders that occurred at Virginia Tech, on April 17, 2007. The day of the Virginia Tech murders, WCBC(AM) broadcast

a news report again discussing the November 2006 investigative report on Allegany County public school safety. It reported that the school administration and teacher's union focused not on the lack of security revealed through WCBC's November 2006 broadcast, but instead on possible legal action against CBC for trespass. A State Delegate was reported as saying he was disappointed in the reactions of school administrators and teachers to WCBC(AM)'s November 2006 investigative report.

25. On May 2, 2007, CBC received a copy of a letter from Mr. Metz, Mr. Sloan, Ms. Dawson, Mr. Striplin and Ms. Treber in which they warned parents to "use extreme caution when responding to reports of alleged incidents occurring in schools as reported by WCBC radio," and told parents to "... listen to a responsible radio station ...." The innuendo was that WCBC(AM) is not a responsible station and should not be listened to. A copy of that letter is attached hereto as Exhibit C.

26. On May 18, 2007, WCBC(AM) broadcast a news report that again referred to its November investigation of school security. This time, it compared the responses of the Allegany County Board, which threatened to sue CBC for trespass, with the response of the Superintendent of Washington County schools, which were the subject of a similar security-related investigation by another station. The Washington County Superintendent reported that she was appalled by the poor security revealed by the report, and made immediate corrections, spending $3 million to do so.

27. On June 5, 2007, WCBC(AM) broadcast a news report that the Board was prepared to spend $900,000 to enhance security at the County's schools.

28. On June 12, 2007, WCBC(AM) broadcast a news report that growing animosity from some Board Members has generated discussions regarding termination of WCBC(AM)'s annual scholarship program, Student Salute, through which WCBC(AM) and its sponsors have

given scholarships valued at more than $160,000 to high school seniors. WCBC(AM) also reported on the Board's May 2007 letter to parents and the level of dissention between the Board and CBC.

29. On July 22, 2007, WCBC(AM) broadcast a report that the Allegany County elementary school Maryland assessment scores were below state average.

30. On July 25, 2007, WCBC(AM) broadcast a news report stating that Maryland school assessment scores for Allegany County lagged well behind Washington and Garrett Counties, and also reported the importance of a good school system to employers looking to relocate their businesses to Maryland.

31. On August 9, 2007, WCBC(AM) broadcast a news report regarding the employment of a second security officer for the County's schools.

32. On August 13, 2007, Dr. AuMiller sent a letter to WCBC in which he stated that the Board would cease its participation with CBC in the Student Salute Program and revoked CBC's press box privileges at the two Allegany County high school athletic fields. WCBC(AM), WCBC(FM) and other stations have reported County high school football games for more than 30 years. Dr. AuMiller's letter is clear that these restrictions are exclusive to CBC, and that the Board intends to continue to allow other media access to the press boxes. A copy of this letter is attached hereto as <u>Exhibit D</u>.

33. WCBC(FM) and WCBC(AM) have pre-sold advertising for the broadcasts of these football games and if they are unable to broadcast these games they will have to return the fees charged.

34. In a conversation between CBC and Mr. Metz following receipt of Dr. AuMiller's August 13, 2007 letter, Mr. Metz stated CBC could reapply for press box access on a "weekly

basis," thus implying that if WCBC(AM) broadcast content deemed critical of the Board, Dr. AuMiller or the County's schools, WCBC(AM) and (FM) would be denied access to the press box.

35. CBC was also told by a member of the Board that CBC would no longer receive announcements or bulletins related to school activities, placing WCBC at a competitive disadvantage, with other area radio stations. When the Board published its 2007-2008 Calendar Handbook neither WCBC(AM) nor WCBC(FM) was listed among the radio stations, television stations and websites where official announcements of school closings or delays would be made available to the public. See Exhibit E attached hereto.

36. On August 15, 2007, in an effort to gloss over its unconstitutional actions, the Board sent a letter to WCBC claiming that all radio stations were, from that date forward, required to apply for access to the press boxes. A copy of this letter is attached hereto as Exhibit F. The letter included an application form to be completed and returned to Dr. AuMiller by August 29, 2007. Upon information and belief, the timing of this change in policy makes clear that the Board's true intent is to carry out its plan – as outlined in its August 13, 2007 letter – to deny WCBC(AM) and WCBC(FM) access to the press box.

37. On August 15, 2007, CBC filed a request for information under the Freedom of Information Act regarding Allegany County Board of Education's policies related to the radio broadcast of high school sporting events, and the dates of adoption of any such policies. A copy of this request is attached hereto as Exhibit G. The Board has not responded to this request.

38. On August 20, 2007, CBC hand-delivered an application to the Board for access to and use of the press boxes for WCBC(AM). On August 21, 2007, CBC hand-delivered an application for access to and use of the press boxes for WCBC(FM) station. Copies of these

applications are attached hereto as <u>Exhibits H and I</u>, respectively. CBC has not received an official response from the Board regarding its applications.

39. On or about August 22, 2007, counsel for CBC received a letter from counsel for the Board speciously claiming that "WCBC has not been prohibited from broadcasting Allegany High School football games," and is "free to make application for use of the press box facility in accordance with the existing policy." A copy of the letter is attached hereto as <u>Exhibit J</u>.

40. On August 22, 2007, Mary Clites, CBC's General Manager, realized that CBC's applications for use of the press box required a signature from a Building Manager or School Principal. She contacted an authorized Board employee who had previously assisted CBC with access to the press box at the Greenway Avenue Stadium, to request that he sign CBC's forms. Ms. Clites was told that he could not sign these forms because he was told by Dr. AuMiller that he was "to deny access to WCBC."

41. On August 23, 2007, an article was published in the "Cumberland Times News" revealing that the Board had partnered with two other radio stations to implement the scholarship program in which CBC had been involved and had renamed the program Senior Academic Spotlight Scholarship. A copy of the article is attached hereto as <u>Exhibit K</u>. The Board has denied CBC access to information concerning those students who would be eligible for scholarships.

## COUNT I
### (Deprivation of First and Fourteenth Amendment Rights under 42 U.S.C §1983)

42. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 41 as if fully set forth herein.

43. Defendants AuMiller, Metz, Sloan, Dawson, Treber and Striplin, acting under color of state law, have violated Plaintiffs' First and Fourteenth Amendment rights.

44. Defendants AuMiller, Metz, Sloan, Dawson, Treber and Striplin have deprived CBC and Prosperitas of access to information which they previously had, and which is routinely made available to the public and to all other members of the press.

45. Defendants AuMiller, Metz, Sloan, Dawson, Treber and Striplin have denied CBC and Prosperitas access to two County owned press boxes and have restricted WCBC(AM) and (FM)'s ability to broadcast games as they have done for more than 30 years. If Defendants are not immediately enjoined from enforcing their unlawful denial of press access, WCBC(FM) will be deprived of the opportunity to broadcast the Frankfort at Fort Hill football game on September 7, 2007, from Greenway Avenue Stadium, and WCBC(AM) will lose the opportunity to broadcast the Mountain Ridge at Allegany game from Mountain Ridge Stadium on September 21, 2007. Defendants have also denied access to all other games scheduled at both facilities throughout the Fall.

46. Defendants AuMiller, Metz, Sloan, Dawson, Treber and Striplin have, by withholding students' names and activities from CBC, effectively terminated CBC's participation in the Board-endorsed scholarship program.

47. Upon information and belief, Defendants' policies were implemented for the express purpose of punishing and retaliating against CBC for the exercise of its First Amendment rights because CBC broadcast radio content critical of the Board.

48. Upon information and belief, these policies were intended to have and have had an impermissible chilling effect on CBC's and other broadcaster's rights to free expression.

49. These policies do not further any compelling interest of the government.

50. As a result of the implementation of these policies, CBC, Prosperitas and other broadcasters, including other members of MDDC, have been and will continue to be chilled in the exercise of their fundamental rights under the First Amendment of the United States

13619.001/69633v3
8/28/2007

11

Constitution. Plaintiffs and other broadcasters therefore have suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter a declaratory judgment declaring that the restrictions imposed on CBC and Prosperitas by the Board are unconstitutional in violation of Plaintiffs' First and Fourteenth Amendment rights;

B. Issue a preliminary and permanent injunction enjoining Defendants AuMiller, Metz, Sloan, Dawson, Treber and Striplin from violating the Plaintiffs' First and Fourteenth Amendment rights and specifically enjoining the unlawful acts, practices and policies alleged herein;

C. Award Plaintiffs their attorneys' fees and costs against Defendants AuMiller, Metz, Sloan, Dawson, Treber and Striplin pursuant to 42 U.S.C. §1988; and

D. Grant such other and further relief that the Court deems appropriate.


Date: August 28, 2007                        Respectfully submitted,

                                             _____
                                             James B. Astrachan, Bar No. 03566
                                             Charles F. Morgan, Bar No. 00436
                                             Julia A. Carolan, Bar No. 28461
                                             Astrachan Gunst Thomas, P.C.
                                             217 East Redwood Street, 21st Floor
                                             Baltimore, Maryland  21202

                                             410.783.3550 telephone
                                             410.783.3530 facsimile

                                             Attorneys for Plaintiffs

## VERIFICATION

I, David Aydelotte, am president of Cumberland Broadcasting Company, am over the age of 18 and am competent to testify to the matters herein. I solemnly affirm under the penalties of perjury and upon personal knowledge that the facts contained in the foregoing Verified Complaint for Injunctive and Declaratory Relief are true, or if alleged upon information and belief, that said facts are true to the best of my knowledge, information and belief.

Date: 8-28-07          By: _____
                              David Aydelotte